UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT ROSS,<br>   Plaintiff, | )<br>)<br>) |
| vs. | )    Case No. 23-3017<br>) |
| WARDEN GREEN, et. al.,<br>   Defendants | )<br>) |

MERIT REVIEW ORDER

JAMES E. SHADID, U.S. District Judge:

This cause is before the Court for merit review of the Plaintiff's complaint. The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff alleges his constitutional rights were violated at Western Illinois Correctional Center. He has identified six specific Defendants and an unknown number of Jane or John Doe Defendants including Warden Greene, Nurse Ashcraft, Nurse Serena Mullen, Nurse Howard, Dr. John Doe #1, Medical Director Jane or John Doe #2, and unknown "medical staff."[1] (Comp, p. 2).

---

[1] Plaintiff says he has attempted to obtain copies of medical records to identify all the medical providers who refused to help him, but IDOC has not provided copies.

Plaintiff says from February of 2019 until the filing of his complaint in 2023, he has suffered from a serious, undiagnosed medical condition. Specifically, Plaintiff says he has suffered weight loss, loss of hair, and a growing "puss hole" on his lower back or upper buttocks. (Comp., p, 4). Plaintiff says he attempts to clean the area each day, but he has no supplies, and it appears to be infected. Plaintiff says the hole is currently the size of a fist and he suffers with "chronic pain." (Comp, p. 4).

Plaintiff also maintains he has submitted multiple requests for medical care to Defendants Greene, Ashcraft, Mullen, Howard, John Doe #1, Jane or John Doe #2, and other unidentified medical staff members. Some appointments were scheduled, but Plaintiff says the Defendants refused to see him. Specifically, Plaintiff says this occurred on December 20, 2022; December 30, 2022; January 1, 2022; January 5, 2023; and January 12, 2023.

Plaintiff concludes the Defendants were deliberately indifferent to his serious medical condition in violation of the Eighth Amendment. Plaintiff also alleges the Defendants committed the "tort of interference" because they had knowledge of Plaintiff's medical needs and refused to provide care. (Comp., p. 6). However, interfering or delaying medical care is just another way of stated an Eighth Amendment claim.

Finally, Plaintiff claims the Defendants were "negligent" when they failed to provide care. (Comp., p. 6). Negligence or even gross negligence does not rise to the level of a constitutional violation. *See Giles v. Tobeck,* 895 F.3d 510, 513 (7th Cir. 2018). However, medical neglect is the state law tort of medical malpractice.

Plaintiff may proceed with this claim at this stage of the proceedings. However, Plaintiff is admonished he MUST comply with the requirements of the Illinois Healing Arts Malpractice statute by the summary judgment deadline. *See* 735 ILCS 5/2-622 *et. seq*; *see also Young v. United States*, 942 F.3d 349 (7th Cir. Nov. 4, 2019) (allowing *pro se* Plaintiff until summary judgment stage to comply with affidavit requirement). This statute requires Plaintiff to provide the Court with an affidavit and a "certificate of merit," a written report by a health professional attesting that there is a "reasonable and meritorious cause for the filing." 735 ILCS 5/2-622(a); *see also Hahn v. Walsh*, 762 F.3d 617, 628-33 (7th Cir. 2014) (Rule 2-622 applies to state law claim filed in federal court). If Plaintiff fails to meet this requirement, his medical malpractice claim will be dismissed.

Finally, the Court notes Plaintiff has ended his complaint by listing his requests for relief including a "preliminary injunction." (Comp. p. 7). A preliminary injunction can be issued only after the adverse party is given notice and an opportunity to oppose the motion. *See* Fed. R. Civ. P. 65(a)(1).

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (citations omitted). *See also Korte v. Sebelius*, 735 F.3d 654, 665 (7th Cir. 2013); *Woods v. Buss*, 496 F.3d 620, 622 (7th Cir. 2007); *Cooper v. Salazar*, 196 F.3d 809, 813 (7th Cir. 1999).

A preliminary injunction is "an extraordinary and drastic remedy, one that

should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997).

The Court will require Plaintiff to file a separate motion for preliminary injunction which provides the appropriate notice of his request for an injunction and meets the burden outlined above. Plaintiff should specifically indicate if he has received any recent care for his condition including a diagnosis.

IT IS THEREFORE ORDERED:

1) Pursuant to its merit review of the complaint under 28 U.S.C. § 1915A, the Court finds the Plaintiff alleges the named Defendants were deliberately indifferent to his serious medical condition in violation of his Eighth Amendment rights when they delayed or denied medical care and violated the state law tort of medical malpractice. The Eighth Amendment claim is stated against the Defendants in their individual capacities only. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3) The Court will attempt service on Defendants by mailing each Defendant a waiver of service. Defendants have 60 days from service to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants. Therefore, no response to the answer is necessary or will be considered.

6) Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will

file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

7) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

8) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9) Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' Counsel.

10) IF PLAINTIFF WISHES TO PURSUE A PRELIMINARY INJUNCTION, HE MUST FILE A SEPARATE MOTION FOR AN INJUNCTION AS DIRECTED IN THIS ORDER.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO:**

**1) Attempt service on the named Defendants pursuant to the standard procedures; 2) Set an internal court deadline 60 days from the entry of this order for the court to check on the status of service and enter scheduling**

**deadlines; and 3) Enter the Court's standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

ENTERED this 29th day of March, 2023.

s/James E. Shadid
_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE